UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEEGAN O'CHARLES SPARKS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:26-CV-260-GSL-AZ |
| DION URBINA, and CRUZ, | |
| Defendants. | |

OPINION AND ORDER

Keegan O'Charles Sparks, a prisoner without a lawyer, filed a complaint alleging he was subjected to excessive force while serving his sentence at the Noble County Jail following his conviction. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Sparks alleges Officer Dion Urbina punched him in the face and slammed his head into the floor while pressing his knee into his back while handcuffing him on the floor on August 10, 2025. Sparks says he was voluntarily got on the floor so he could be handcuffed. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously

and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Based on the allegations in the complaint, Sparks states a claim against Officer Urbina for using excessive force against him.

Sparks alleges Officer Cruz blocked the surveillance camera and did nothing to stop Officer Urbina from using excessive force against him. "An officer who fails to intervene to try to prevent known cruel or unusual force, despite a reasonable opportunity to do so, may be held liable under § 1983." *Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018). A "realistic opportunity to intervene" may exist whenever an officer could have "called for a backup, called for help, or at least cautioned [the other officer] to stop." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005). Based on the allegations in the complaint, Sparks states a claim against Officer Cruz for failing to intervene to stop Officer Urbina from using excessive force against him.

For these reasons, the court:

(1) GRANTS Keegan O'Charles Sparks leave to proceed against Officer Dion Urbina in his individual capacity for compensatory and punitive damages for punching him in the face, slamming his head into the floor, and pressing his knee into his back while handcuffing him August 10, 2025, at the Noble County Jail in violation of the Eighth Amendment;

(2) GRANTS Keegan O'Charles Sparks leave to proceed against Officer Cruz in his individual capacity for compensatory and punitive damages for not intervening to stop Officer Urbina from using excessive force against him on August 10, 2025, at the Noble County Jail in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Dion Urbina and Officer Cruz at the Noble County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Noble County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if the Sheriff has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Dion Urbina and Officer Cruz; to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 3, 2026

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT